580 So.2d 503 (1991)
Lucy S. PRICE
v.
DEPARTMENT OF PUBLIC SAFETY In and For the STATE OF LOUISIANA.
No. 90-CA-1972.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1991.
Lucy Price, in pro. per.
Stephen A. Quidd, Baton Rouge, for appellee.
Before KLEES, CIACCIO and PLOTKIN, JJ.
CIACCIO, Judge.
This is an appeal of the trial court's dismissal of plaintiff's petition for review of the Department of Public Safety's suspension of her driver's license for failure to submit to a chemical test to determine blood alcohol content. We affirm.

Facts
On August 12, 1989, Lucy Price was arrested for driving while intoxicated after being found slumped over in her vehicle in the 700 block of General Taylor Street. She was given a field sobriety test and then was transported to the police station where she was read a form relating to her constitutional rights regarding a chemical intoxication test. Plaintiff refused to sign the form or to submit to a chemical intoxication test. Based on this refusal, the Department of Public Safety suspended plaintiff's *504 driving privileges for 180 days. The criminal charges against Mrs. Price based on a violation of La.R.S. 14:98 were subsequently dismissed.
Plaintiff requested an administrative hearing to review the Department's suspension of her license. The Department's actions were affirmed on September 26, 1989 and on November 22, 1989 plaintiff filed a Motion and Order for Appeal and for Temporary Restraining Order in Civil District Court requesting judicial review of the order of the Department. The district court granted the temporary restraining order and set a hearing on the preliminary injunction for December 1, 1989. A preliminary injunction was issued on December 18, 1989 enjoining the Department from suspending or revoking plaintiff's driving privileges.
Thereafter, a hearing was held on plaintiff's application for a permanent injunction which the trial court denied and affirmed the Department's order suspending plaintiff's license. The trial court granted plaintiff's suspensive appeal from this judgment.
On appeal, plaintiff argues that the suspension of her driver's license was a violation of her constitutional rights against self-incrimination and unreasonable searches and seizures. She first contends that the constitutional rights waiver form relating to a chemical test for intoxication used by the Department is deceptive and misleading.
La.R.S. 32:661-669 governs tests for suspected drunken drivers.
La.R.S. 32:661 provides in pertinent part:
A.(1) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of R.S. 32:662, to a chemical test or tests of his blood, breath, urine, or other bodily substance for the purpose of determining the alcoholic content of his blood and the presence of any abused or illegal controlled dangerous substance as set forth in R.S. 40:964 in his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while believed to be under the influence of alcoholic beverages or any abused or illegal controlled dangerous substance as set forth in R.S. 40:964.
(2) The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of either alcoholic beverages or any abused or illegal controlled dangerous substance as set forth in R.S. 40:964. The law enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered.
* * * * * *
C.(1) When a law enforcement officer requests that a person submit to a chemical test as provided for above, he shall first read to the person a standardized form approved by the Department of Public Safety and Corrections. The department is authorized to use such language in the form as it, in its sole discretion, deems proper, provided that the form does inform the person of the following:
(a) His constitutional rights under Miranda v. Arizona;

(b) That his driving privileges can be suspended for refusing to submit to the chemical test; and
(c) That his driving privileges can be suspended if he submits to the chemical test and such test results show a blood alcohol level of .10 percent or above.
(2) In addition, the arresting officer shall, after reading said form, request the arrested person to sign the form. If the person is unable or unwilling to sign, the officer shall certify that the arrestee was advised of the information contained in the form and that the person was unable to sign or refused to sign.
The waiver form used by the Department to inform the person suspected of drunken driving of constitutional rights states in part:

*505 Rights Relating to Chemical Test for Intoxication

You are under arrest by a law enforcement officer who has reasonable grounds to believe that you were operating a vehicle while intoxicated. The law (R.S. 32:661-669) now will require you to take a chemical test or tests to determine the alcohol content and/or the presence of any abused or illegal controlled dangerous substance in your blood, breath, urine or other bodily substances.
These are the Consequences of Refusal to submit to the Chemical test.
1. Refusal to submit to this chemical test shall result in the suspension of your driver's license for a period of 180 days, if this is your first refusal, or a period of 545 days, if this is your second or subsequent refusal within a five year period.
2. Evidence of your refusal to submit to this chemical test will be used against you in court.

* * * * * *
Plaintiff argues that the Department's use of the word "shall" in this form exceeds the authority conferred by R.S. 32:661-669, and as such unconstitutionally deprived her of her rights against self-incrimination and unreasonable searches and seizures.
We find that the wording of the Department's form is an accurate application of the provisions of the state statute, and we find no abuse of the Department's discretion in using this form. Further, La.R.S.32:667(A) provides in part:
A. When a law enforcement officer places a person under arrest for a violation of R.S. 14:98, or a violation of a parish or municipal ordinance prohibiting the operating of a vehicle while intoxicated, and the person either refuses to submit to an approved chemical test for intoxication or submits to such test and such test results show a blood alcohol level of .10 percent or above by weight of alcohol in the blood, the following procedures shall apply:
(1) The officer shall seize the driver's license of the person under arrest and shall issue in its place a temporary receipt of license on a form approved by the Department of Public Safety and Corrections. Such temporary receipt shall authorize the person to whom it has been issued to operate a motor vehicle upon the public highways of this state for a period not to exceed thirty days from the date of arrest or as otherwise provided herein. (emphasis added)
Thus, the mandatory language in this statute authorizes the Department to seize the arrestee's driver's license for refusal to submit to a chemical test. We find that the Department's rights form which informs a person arrested for drunken driving that his or her driving privileges will be suspended for a period of time carries out the intent of the legislature in enacting this statute. Plaintiff's argument has no merit.
Plaintiff next complains that La. R.S. 32:661 et seq., the implied consent statute, is unconstitutional insofar as it provides that any person who operates a motor vehicle on Louisiana highways shall be deemed to have given consent to a chemical test to determine the alcoholic content of his blood. Plaintiff contends that "the implied consent law is a trap to the unwary that results in a denial of due process to citizens arrested for alleged violation of R.S. 14:98".
The implied consent law was enacted for a legitimate governmental purpose; i.e., to promote public safety on Louisiana highways by imposing withdrawal of driving privileges on motorists arrested for driving while intoxicated. Further, the implied consent law allows a driver to withdraw this consent subject to the sanctions set forth in La.R.S. 32:667 which are explained through the use of the rights form read at the time the chemical testing is administered. We find that plaintiff has failed to show that this statute is unconstitutional.
Plaintiff finally contends that she was denied her constitutional right to counsel prior to being requested to take the chemical test. The rights form which was read to plaintiff in this case states: "If you refuse the test until you can talk to a lawyer, you will still lose your license."
*506 However, the form also states "You have the right to the assistance of counsel and the right to consult an attorney before answering any questions."
A person in custody has a constitutionally protected right to counsel. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The Louisiana statute specifies that a person arrested for driving a motor vehicle while intoxicated must submit to a chemical test or his or her license may be seized by the law enforcement officer. LSA-R.S. 32:667(A). By accepting a driver's license, a person gives implied consent to taking a chemical test when arrested on suspicion of driving while intoxicated. The person so arrested has the right to seek counsel, but does not have the right to delay taking the test by seeking counsel.
[The Louisiana statute requiring the test] merely informs a person that he cannot delay taking the test until he has consulted a lawyer, without incurring a risk that he will lose his license.
State v. Spence, 418 So.2d 583, 586 (La. 1982).
Accordingly, for the reasons assigned, the judgment of the district court affirming the suspension of plaintiff's driving privileges is affirmed. All costs of this appeal are assessed against plaintiff.
AFFIRMED.